CITY OF HOWARD, Respondent, v. LEFLER et al., Appellants.

(161 N. W. 197.)

(File No. 3961.    Opinion filed February 3, 1917.    Rehearing denied March 22, 1917.)

**Contracts—Sewer Construction—Payment Under District Plan, by Assessment Certificates—Contract for Installment Payments, Payment Under—Release of Contractor and Surety.**

A sewer contract provided for construction of sewer in accordance with Laws 1909, Chap. 110, providing for con-

struction of such sewers under the district plan, and for payment of contractor by assessment certificates, the contract further providing, however, for monthly payments to contractor of 75 per cent of value of work performed during preceding month. After the sewer was completed, defendant city changed its plan of paying for same, and caused a bond issue to be made, from proceeds of which it paid the contractor more than the amount due, by vouchers or warrants, in certain sums payable to him, based on engineer's monthly estimates, such warrants being payable in assessment certificates to be issued on completion of contract. **Held,** in a suit by the city to recover the excess payment, that such change of plan of payment, from the district plan to the cash system, absolved and released the contractor and his surety from strict performance under the conditions of the contract; since by such change of plan of payment, settlement for construction of sewer was delayed, depriving contractor of interest upon his investment of moneys, etc., and of his dues for services under cash payment plan; and the warrants so issued under such change of plan, became of no force or effect whatever. **Held,** further, that under said contract no payment was authorized in anything other than such assessment certificates as provided for under said statute.

Appeal from Circuit Court, Miner County.    Hon. ALVA E. TAYLOR, Judge.

Action by the City of Howard, against Charles M. Lefler and another, to recover an alleged over-payment under a sewer contract and for breach of said contract; defendants interposing a counterclaim for nonpayment of contract price. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal.    Reversed and remanded.

*L. T. Boucher,* for Appellants.

*Caldwell & Baldwin,* for Respondent.

Appellants cited:    Laws 1909, Chap. 110; State v. Wilson, 71 Texas, 291, 9 S. W. 955, 30 L. R. A. 13; Cowdray v. Hahn, 105 Wis. 455, 76 American State, 923; Sec. 1999, Civil Code; Cato v. Warrington, 19 So. 883; Redwing v. Pierre, (S. D.) 154 N. W. 712; De Malignon, R. 98; Caldwell, R. 97; McCuish Case, 13 S. D. 397.

Respondent cited:    Laws 1909, Chap. 110, Secs. 9, 17; and submitted that:    In view of this statute, monthly payments could not have been made by the city in assessment certificates, nor could they be made in cash.    The city had no cash with which to make payment, nor was there any authority in the law to pay

out cash for such a purpose. That the contract does not say that Lefler may not assign his earnings, nor does the law.

. McCOY, J. Plaintiff city brought this action to recover from defendants the sum of $1,357.62 as and for a breach of a certain contract for sewer construction entered into between plaintiff and defendant Lefler, the faithful performance· of which contract, and the conditions thereof, on the part of Lefler, the defendant surety company guaranteed by its surety bond. The defendants interposed answers, denying that there had been any breach or failure on the part of Lefler to perform any of the conditions of said contract. The defendants also interposed a counterclaim, alleging that plaintiff by said contract employed defendant Lefler to construct a sewer plant;, for which service plaintiff agreed to pay Lefller the sum of $21,386.03; that said defendant constructed said sewer according to specifications, but that plaintiff has never paid defendant therefor, and that the sum of $21,386.03, together with interest thereon, is due said Lefler from plaintiff by reason of the construction of said sewer plant, less certain designated items for work, labor, and materials furnished by third parties that should be paid for by defendant, and defendants demanded judgment against plaintiff for $12,010.08. Findings and judgment were in favor of plaintiff for the full amount claimed, and defendants have appealed. Owing to the state of the record, the evidence introduced on the trial cannot be considered on this appeal. The only portions of the record that are proper to be considered are the findings of fact, judgment, and assignments of error. Appellant, among other things, assigns as error that the conclusions of law are not justified by the findings of fact, and that the court erred in failing to render judgment in favor of the defendants and against plaintiff.

It appears from the findings that prior to the commencement of the construction of said sewer plant, about August 1, 1913, the plaintiff and defendant entered into a written contract, whereby the defendant Lefler agreed, at his own cost and expense, to construct said sewer plant for the sum of $21,386.03, and that said defendant surety company by its bond became surety for the faithful performance of said contract by said Lefler; that said contract provided that the said sewer should be constructed and made in accordance with the laws of South Dakota relating

to the construction of sewers on the district plan.   It also appears from the findings that said Lefler constructed said sewer plant and completed the same, and that the same was accepted and approved by the plaintiff on about the 7th day of September, 1914; that after said sewer had been completed, and in the month of December, 1914, and before assessment certificates had been issued under the district plan, the plaintiff changed its plan of paying for said sewer, and decided to pay for the same in cash by a bond issue, and that thereafter an election was held, and on about May 12, 1915, bonds were issued and sold sufficient to pay for said sewer system so constructed by said Lefler; that the total amount paid by the plaintiff city for said sewer under the said cash payment plan was the sum of $22,743.65, being in excess of the sum for which the defendant Lefler agreed to construct said sewer under the terms of said contract, in the sum of $1,357.62, the amount for which judgment was rendered in this suit in favor of plaintiff. Chapter 110, Laws of 1909, among other things, provides that contracts for the construction of sewers shall require the contractor to take pay in assessment certificates, and that assessment certificates shall be issued to him at the first meeting of the city council after the sewer shall have been completed and approved.   Under the contract entered into between the parties to this case no payment was authorized in anything other than such assessment certificates as is provided for under said chapter of the Laws of 1909.   We are therefore of the view that when plaintiff changed its plan of payment to the cash system and the issuance of bonds after the completion of said contract, defendant Lefler and his surety were thereby absolved and released from strict performance under the said conditions of said contract.   Under the contract as originally drawn Lefler was entitled to interest-bearing certificates immediately upon the completion and approval of the construction of said sewer.   By the change of plan of payment to the cash system all settlement for the construction of said sewer was delayed, depriving defendant of interest upon whatever he may have had invested of his own means in the construction of said plant, and also of interest upon whatever sum may have been coming to him for his services under a cash payment plan, and which interest would have equaled or exceeded the amount of plaintiff's recovery.

The detriment thus caused the defendants by said change of plan was of such a nature as to release defendants from the terms of the original contract. The defendant surety company never became bounden for the fulfillment of any other contract than that for the construction of a sewer upon the district plan.

There is another reason appearing from the findings that would absolve defendants from the payment of the recovery adjudged. The contract on which this recovery is based contained a provision and an agreement on the part of plaintiff to pay Lefler monthly, after the commencement of the work of construction, 75 per cent. of the value of the work performed the preceding month, as shown by the estimates of the engineer in charge. As conceded by respondent, this was an unlawful provision of the contract, incapable of being lawfully performed by plaintiff under the district construction plan. This provision, however, was of vital importance to Lefler, as it furnished him means by which he could prosecute the construction of said sewer. It is true that respondent city issued to Lefler, based on the engineer's monthly estimates, vouchers or warrants in certain sums payable to Lefler or order, but which warrants also contained the provision that the same were payable in assessment certificates to be issued on the completion of the contract, and in case of the assignment of such warrants, assessment certificates for like amounts should be issued to the holders of such warrants. These warrants in effect amounted to no more than a certificate or statement that Lefler was entitled to an assessment certificate for the amount specified in the warrant when he had completed the construction of the sewer, and did not constitute any sort of payment, and when respondent changed its plan from the district to the bond issue and cash payment system, these warrants became of no force or effect whatsoever. Respondent never did, and could not lawfully, comply with the contract on which the recovery is based to the injury of defendants. Hence we are of the view that it was error to adjudge a recovery against defendants in this action under the findings.

The judgment and order appealed from are reversed, and the cause remanded for further procedure in harmony with this opinion.